**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| TAYLOR INDUSTRIAL CONSTRUCTION, INC., a Florida corporation,  )<br>)<br>)<br>    Plaintiff,                                             )<br>v.                                                             )<br>)<br>WESTFIELD INSURANCE                                            )<br>COMPANY, an Ohio corporation,                                  )<br>)<br>    Defendant.                                             )<br>_____)<br>)<br>SLONE ASSOCIATES, INC., a Georgia                              )<br>corporation,                                                   )<br>)<br>    Counter-Plaintiff,                                     )<br>v.                                                             )<br>)<br>TAYLOR INDUSTRIAL CONSTRUCTION,                                )<br>INC., a Florida corporation,                                   )<br>)<br>    Counter-Defendant,                                     )<br>_____) | CASE NO.: 8:16-cv-2960-T-24MAP |

**TAYLOR INDUSTRIAL CONSTRUCTION, INC.'S**
**REQUEST TO PRODUCE TO WESTFIELD INSURANCE COMPANY**

Plaintiff and Counter-Defendant, TAYLOR INDUSTRIAL CONSTRUCTION, INC., ("*Taylor*"), pursuant to Rule 34, Fed. R. Civ. P., propounds this second request to produce documents to Defendant, WESTFIELD INSURANCE COMPANY.

**DEFINITIONS AND INSTRUCTIONS**

1. The documents requested herein should be produced in their native format. All documents should be in a format searchable through Microsoft and/or adobe software programs.

1

2. Copies of documents produced should be delivered between the hours of 9:00 a.m. and 5:00 p.m. within thirty (30) days of the date of service of this request at the office of the undersigned counsel, address 1031 West Morse Blvd., Suite 120, Winter Park, FL 32789. Documents should be produced on disc drives or similar electronic storage devices.

3. The term "*Champco*" means the contractor, Champco, Inc. that performed work on the Project.

4. The term "communication" means writings including, but not limited to, messages, text messages, correspondence, facsimiles, e-mails, notes, memoranda, confirmations, exhibits, letters, drawings, sketches, minutes, transcripts, summaries and any other "document" as earlier defined which constitutes, confirms, embodies or otherwise relates to the communications.

5. The term "*document*" means documents that are in both electronic and hard copy forms.

6. The term "*Subcontract*" means that Subcontract Agreement between Slone and Daniels Welding Services, Inc. (hereinafter "*Daniels*"), entered into on May 9, 2016, which was included in Taylor's April 10, 2017, Answer and Defenses to Intervenor Complaint.

7. The term "*Subsubcontract*" means that Agreement between Daniels and Taylor for joist repair on the Walmart Distribution Center, entered into on July 8, 2016, which was included in Taylor's April 10, 2017, Answer and Defenses to Intervenor Complaint.

8. The term "*Change Order*" means that Subcontract Change Order No. 1, between Daniels and Taylor, entered into on July 8, 2016, which was which was included in Taylor's April 10, 2017, Answer and Defenses to Intervenor Complaint.

9. The term "*Lien*" means that Claim of Lien in the amount of $175,453.36 filed by Taylor on September 28, 2016, against the real property at 5100 Kettering Road, Brooksville, Florida, for services performed for Daniels under the Subsubcontract, which Lien was included in Taylor's April 10, 2017, Answer and Defenses to Intervenor Complaint.

10. The term "*Project*" means the Wal-Mart distribution center at 5100 Kettering Road, Brooksville, Florida 34602, as is described more specifically in Complaint Exhibit A.

11. The term "*Wal-Mart*" means the owner of the Project with whom Slone entered into a prime contract.

12. The term "*Westfield*" means Westfield Insurance Company, the Defendant in this action.

13. Unless specified otherwise herein, the requests herein should be interpreted to seek documents created between the dates of January 1, 2016 and the present.

14. As used herein, the singular and masculine form of noun and pronoun shall embrace, and be read and applied as, the plural or feminine or neuter, as circumstances may make appropriate.

15. Each request herein for a document or documents contemplates production thereof in full, without abbreviation or expurgation, and calls for production of all copies that have notes or other written markings not appearing on other copies.

16. For any document related to the matters described herein which is not in your possession, custody, or control, but which you know to exist, you are requested to identify any such document and indicate to the best of your ability that document's present or last known location or custodian.

17. If a claim of privilege is asserted to any document requested to be produced herein (privilege as used herein shall include attorneys' work product), such documents shall be sufficiently described so that we can bring the question of privilege before the court. Documents shall be deemed to be adequately described for this purpose if the following data are provided: (1) the type of document, e.g., letter or memorandum; (2) the general subject matter of the document including a brief description or summary of the contents of the document sufficient to explain the privilege invoked; (3) the date of the document; (4) the author, addressee, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, and any other recipient to each other; (5) the name and position of each person, other than attorneys representing any of the defendants in connection with this lawsuit, to whom the contents of the document have been communicated by copy, exhibition, reading or substantial summarization; and (6) the identity of each person who has custody of a copy of the document.

18. To the extent that you consider any of the following requests objectionable, respond to so much of each, and each part thereof, which is not objectionable, and separately state that part of each which is objectionable and the ground for each objection.

## ITEMS TO BE PRODUCED
(please read definitions and instructions before responding)

1. All correspondence with Raul Mafla pertaining to this case, the Project, or both.

2. All correspondence with Champco pertaining to this case, the Project, or both.

3. All correspondence with Jason Klug pertaining to this case, the Project, or both.

4. All correspondence with Bill Daniels pertaining to this case, the Project, or both.

5. All statements by you related to the welding work performed on the Project. Exclude from this request confidential communications between you and your legal counsel.

6. All correspondence between Charles Pennington and persons other than your attorney.

7. All correspondence with Charles Pennington and your attorney that reference:
   a. compensation for Mr. Pennington's study or testimony;
   b. that identifies facts or data that your attorney provided and that Mr. Pennington considered in forming his opinions; and,
   c. that identify assumptions that your attorney provided and that Mr. Pennington relied on in forming the opinions expressed in his report.

8. All correspondence with Charles E. Smith.

9. Certifications for any person that performed welding work on the Project.

10. Documents that you will offer into evidence at a trial in this case.

11. Demonstrative exhibits that you will use at trial.

12. Documents considered by Charles Pennington in the preparation of his expert report dated September 13, 2017.

13. All of Charles Pennington's notes and memorandum created during his preparation of his report and opinions in this case.

14. All correspondence between you and Wal-Mart referencing:
    a. the Project.
    b. welding work performed on the Project.
    c. Wal-Mart's satisfaction with the work performed on the Project.

Dated: September 17, 2018.

Respectfully submitted,

*[signature]*

MICHAEL C. SASSO
Florida Bar No. 568415
E-mail: msasso@sasso-law.com
MICHAEL A. SASSO
Florida Bar No. 93814
E-mail: masasso@sasso-law.com
**SASSO & SASSO, P.A.**
1031 West Morse Blvd., Suite 120
Winter Park, Florida 32789
Tel.: (407) 644-7161
Attorneys for Taylor Industrial Construction, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 17, 2018, I served by e-mail and facsimile transmission a true copy of this document on the parties to this case at:

John C. Brock, Jr., Esq.
Daniel R. Auerbach, Esq.
Trent H. Cotney, Esq.
Jason Lambert, Esq.
**COTNEY CONSTRUCTION LAW**
8621 E. Dr. Martin Luther King Jr. Blvd.
Tampa, Florida 33610
jbrock@cotneycl.com
blambert@cotneycl.com
dauerbach@cotneycl.com
tcotney@cotneycl.com
courtfilings@cotneycl.com
Tel.: (813) 579-3278
Fax: (813) 902-7612
*Counsel for Westfield Insurance Company and Sloane Associates, Inc.*

*[signature]*

Michael A. Sasso

5