UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TAYLOR INDUSTRIAL CONSTRUCTION, INC., a Florida corporation, <br><br> Plaintiff, <br> v. <br><br> WESTFIELD INSURANCE COMPANY, an Ohio corporation, <br><br> Defendant. <br>_____ <br><br> SLONE ASSOCIATES, INC. a Georgia Corporation, <br><br> Counter-Plaintiff, <br> v. <br><br> TAYLOR INDUSTRIAL CONSTRUCTION, INC., a Florida corporation <br><br> Counter-Defendant. <br>_____ | Case No.: 8:16-cv-2960-T-24MAP |

## MOTION FOR PROTECTIVE ORDER AND/OR TO QUASH WESTFIELD'S SUBPOENA OF ATTORNEY ANDREW SODL

Plaintiff/Counter-Defendant, TAYLOR INDUSTRIAL CONSTRUCTION, INC., ("Taylor"), pursuant to Rules 26(c) and 45(d)(3), Federal Rules of Civil Procedure, move for a protective order and/or order quashing, Defendant, WESTFIELD INSURANCE COMPANY'S, ("Westfield"), untimely subpoena for deposition *duces tecum* of Attorney Andrew Sodl noticed for January 22, 2019, which is after the discovery and dispositive motion deadlines, and violates this Court's amended Case Management Order. (Docs. 76, 84).

## BACKGROUND AND OBJECTIONS

1. The initial discovery deadline in this case was October 18, 2018. (Doc. 76).

2. Upon joint motion of the parties the Court extended that deadline to December 12, 2018. (Doc. 84).

3. In November of 2018 Westfield asked Taylor to coordinate a deposition of Attorney Sodle. Taylor complied and offered deposition dates before the December 12, 2018 discovery cut-off.

4. However, Westfield declined to proceed with the deposition because it had not received Taylor's response to a request for production that was due on December 10. *See* (**Exhibit 1**) (e-mail dated November 27, 2018, from Westfield to Taylor declining to proceed with the Sodl deposition).

5. On December 19, 2018, without consulting with Taylor, Westfield issued a subpoena to Attorney Sold for a deposition *duces tecum* scheduled (without even attempting to clear the date with Taylor) for January 22, 2019. A true and correct copy of the notice and subpoena are attached as **Exhibit 2.** In fact, Westfield and Slone made no effort to confer with Taylor prior to issuing this untimely subpoena, and have since refused to retract the subpoena despite several requests.

6. Taylor objects to a deposition *duces tecum* of Attorney Sodl after the December 12, 2018, deadline and December 28, 2018, dispositive motion deadline as untimely, and a clear violation of this Court's amended Case Management Order. (Docs. 76, 84).

7. Furthermore, Taylor objects that:

    a. The Document Requests numbered (1) through (6) are overbroad in that they do not limit the time frame of the communications to on or before August 22, 2016, which is the date Taylor recorded the subject lien. Documents after that deadline are not related to the preparation of Taylor's lien, and are not at issue.

        b.      The definition of "documents" is overbroad as it encompasses an unnatural length and burdensome definition in clear violation of the discovery rules of the Middle District of Florida.

        c.      The Document Requests reserves the right to object to specific documents based on the attorney-client privilege and the work product privilege, to the extent that such communications are confidential and were prepared after August 22, 2016, when the lien was recorded.

8. Prior to the close of discovery on December 12, 2018, Taylor did not object to the production of records it provided to Attorney Sodl for his use in the preparation of Taylor's lien, or e-mail communications related thereto. All such documents in Taylor's possession, custody, or control have been produced. Additionally, Greg Taylor was questioned extensively on this matter, without objection, during his deposition in July of 2018.

## MEMORANDUM OF LAW

Westfield is not entitled to violate the case management order to take discovery after the December 12, 2018, discovery cut-off and December 28, 2018, dispositive motion deadline. The subpoena at issue here seeks to compel the deposition *duces tecum* of Attorney Sodl on January 22, 2018.

Pursuant to the amended Case Management Order, all discovery had to be completed by December 12, 2018:

> "The Court follows the rule that the discovery completion date means that *all discovery must be completed by that date.* … Untimely discovery requests are subject to objection on that basis. Counsel, by agreement, may conduct discovery after the formal completion date; however, the Court will not resolve discovery disputes arising after the discovery completion date. *See* Middle District Discovery (2015) at I.F.1.

(Doc. 76, n.1).

"A Scheduling Order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Moyer v. Walt Disney World Co.*, 146 Supp.2d 1249, 1252 (M.D. Fla. 2000) (*Payne v. Ryder Sys., Inc. Long Term Disability Plan,* 173 F.R.D. 537, 540 (M.D. Fla. 1997), *quoting Forstmann v. Culp,* 114 F.R.D. 83, 85 (M.D.N.C.1987)). "Recognizing the perils of disorderly litigation, '[t]he Eleventh Circuit has consistently held that motions filed after a deadline imposed by a court should be denied as untimely.'" *Id.* (quoting *Payne*, 173 F.R.D. at 540).

Rule 45 subpoenas issued after the close of discovery should be quashed. *Woods v. On Baldwin Pond, LLC*, No. 6:13–cv–726–Orl–19DAB, 2014 WL 12625079, at *1 (M.D. Fla. May 13, 2014) (finding that subpoenas served past the deadline were untimely); *Lookout Mountain Wild Animal Park, Inc. v. Stearns Zoological Rescue & Rehab Ctr., Inc.*, No. 8:09–CV–2301–T–30EAJ, 2011 WL 13176226 (M.D. Fla. Apr. 13, 2011).

This case has been pending since October of 2016, during which time Westfield has had more than ample opportunity to conduct discovery. Moreover, Attorney Sodl's role in drafting the lien is not a new revelation. On July 6, 2018, Greg Taylor expressed his reliance on Attorney Sold of the Akerman LLP firm to prepare Taylor's lien during his deposition:

> Q: …Now you were also describing the claim of lien that was prepared by an attorney. What law firm did that attorney work for? A: Acumen [sic]. Q: Do you know what office that was in? A: Jacksonville office. Q: You were asked a number of questions about the preparation of this lien. Is it correct that the attorney prepared it, as far as you know? A: Yes.

(Depo. Greg Taylor, 128:12-21); *see also, e.g.*, (*id.* at 100:23-103:25) (answering Westfield and Slone's questions about Attorney Sodl).

On October 11, 2018, in support of its motion for summary judgment, Westfield (and later Slone) acknowledged Taylor's reliance on Attorney Sodl to prepare the lien: "…rather

[Greg Taylor] simply provided documents to his attorney and signed the Claim of Lien…" (Doc. 86, pp. 5, 13-15). At the time Westfield and Slone expressed no interest—or need—to take Attorney Sodl's deposition.

Again on October 21, 2018, Westfield and Slone recognized Attorney Sodl's role, (Doc. 90, ¶¶7,15), but in the same filing, represented that it only agreed to extend the October 18, 2018, discovery deadline to take the deposition of Taylor's experts – not Attorney Sodl: "Westfield agreed to extend the discovery deadline so that it could take Taylor's experts depositions purely as it relates to Taylor's defective work." (Doc. 90, n. 1, p.2).

In November of 2018, Westfield and Slone asked Taylor to coordinate Attorney Sodl's deposition. Taylor complied and offered several dates before the December 12, 2018 discovery deadline. Westfield and Slone declined those timely depositions, however, allegedly because it preferred to wait until after Taylor's response to a request to produce records was responded to on December 10, 2018. *See* (**Exhibit 2**). After the discovery cut-off, Westfield unilaterally noticed and subpoenaed Attorney Sodl for a January 22, 2019 deposition.

This Court should enforce the deadlines established in its amended Case Management Order. (Docs. 76, 84). Westfield and Slone have clearly failed to promptly pursue the deposition of Attorney Sodl. Moreover, seeking to take additional discovery now is inherently prejudicial to Taylor, particularly after the dispositive motion deadline and will likely result in case management complications.

## **CONCLUSION**

Wherefore, Plaintiff/Counter-Defendant, TAYLOR INDUSTRIAL CONSTRUCTION, INC. respectfully requests that this Court:

1. issue a protective order and/or order quashing Westfield's subpoena to take the deposition of attorney Andrew Sodl on January 22, 2019;

2. sustain Taylor's objections the untimely, and overbroad document requests that may seek confidential and privileged information;

3. grant Taylor its reasonable attorney's fees and costs incurred drafting this motion pursuant to Rules 26(c)(3), 37(a)(5), and 45(d)(1), Federal Rules of Civil Procedure; and

4. grant any and all other relief that is just.

Dated: December 29, 2018.         Respectfully submitted,

/s/ Michael Sasso
MICHAEL C. SASSO, Trial Counsel
Florida Bar No. 368415
notice@sasso-law.com
msasso@sasso-law.com
kdevore@sasso-law.com
MICHAEL A. SASSO
Florida Bar No. 93814
masasso@sasso-law.com
SASSO & SASSO, P.A.
1031 West Morse Blvd., Suite 120
Winter Park, Florida 32789
Tel.: (407) 644-7161
*Attorneys for Taylor Industrial Construction, Inc.*

## CERTIFICATE OF GOOD FAITH CONFERENCE

I, Michael A. Sasso, certify that on and prior to December 28, 2018, I conferred telephonically and in writing with counsel for Westfield and Slone, in a good faith effort to resolve the matters raised in this motion, but no agreement could be reached.

/s/ Michael Sasso

## **CERTIFICATE OF SERVICE**

I, Michael A. Sasso, certify that a true and correct copy of the foregoing has been filed and served on counsel for all parties via the Court's CM/ECF system this December 29, 2018.

/s/ Michael Sasso