AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida - Tampa

| | |
|---|---|
| Taylor Industrial Construction, Inc. <br> *Plaintiff* <br> v. <br> Westfield Insurance Company <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 8:16-cv-2960-T-24MAP <br> ) <br> ) <br> ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Andrew Matthew Sodl, Esquire
50 N. Laura St., Suite 3100, Jacksonville, FL 32202-3659
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: US Legal Support <br> 225 Water Street, Suite 1450 <br> Jacksonville, FL 32202 | Date and Time: <br> 1/22/2019 1:00pm |
|---|---|

The deposition will be recorded by this method: Stenotype machine by a Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit 1.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/19/2018

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Westfield Insurance Company, Brian R. Lambert, Cotney Construction Law , who issues or requests this subpoena, are:
3110 Cherry Palm Drive, Suite 290, Tampa, FL 33619; blambert@cotneycl.com; 813-579-3278

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 8:16-cv-2960-T-24MAP

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1

## SCHEDULE OF DOCUMENTS

### INSTRUCTION AND DEFINITIONS:

A. "Communication(s)" shall include communications or transmissions of any nature between or among one or more persons and one or more other persons including, without limitation, formal or informal discussions, conversations, conferences or meetings in person or by telephone, teleconference, telegraph, radio, or any other device for transmission of written, electronic, or verbal communications.

B. "Document(s)" includes all tangible things by which human communications are transmitted or stored. This includes any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether difference from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, e-mails, notes, messages, letters, telegrams, teletype, telefax bulletins, meetings, or other communications, interoffice and intra-office telephone calls, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, work-sheets, receipts, returns, computer print-outs, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphs or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, video-tape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings), including the file and file cover. Documents shall also

include any information created, stored, or best utilized with computer technology of any type, including, but not limited to, data, spreadsheets, calendars, voicemail stored on databases or recorded or transcribed, networks, computer systems, archives, back-up or disaster recovery systems, discs, handheld wireless devices, the Internet, personal digital assistants, and copies of non-paper information storage means such as tape, film, and computer memory device in readable form. The word "document" shall be deemed to include the original and any draft thereof, and any copy of an original or draft which differs in any respect from such original or draft. "Documents" shall also include all attachments, enclosures, or other documents that are attached to, or relate to, or refer to such designated document.

C.  "Taylor" means Taylor Industrial Construction, Inc., and any of its managers, members, principals, directors, officers, employees, agents, representatives, affiliates, attorneys, accountants, and any other persons/entities acting or purporting to act on its behalf.

D.  Taylor Industrial Construction, Inc.'s claimed "advice of counsel" refers to Taylor's claim, as asserted by Mr. Taylor, that "he acted in good faith by consulting with and following the directions of his counsel in the preparation of the recording of the Claim of Lien."

E.  "You" and "Your" refers to Andrew M. Sodl, in his individual capacity, and/or in his capacity as an owner, manager, agent, representative, or employee of Akerman, LLP.

F.  The terms "all," "any," "each," and "every" shall be construed broadly, encompassing any and all.

G.  The terms "and," and "or" shall be construe either disjunctively or conjunctively as necessary to bring within the scope of the requests any documents that might otherwise be interpreted outside of its scope.

H.  Unless otherwise specified, the relevant time frame for purposes of these document requests is January 1, 2015 through the date of the taking of Your deposition in this action.

*[remainder left blank intentionally]*

## DOCUMENTS DEMANDED:

1. Any and all Communications and Documents reflecting Communications (both written and oral) by and between You and Taylor that you considered or otherwise relied upon in rendering your "advice as counsel" as described above.

2. Any and all Communications between You and Taylor evidencing, showing or reflecting the actual legal advice that You rendered in connection with Taylor's claimed "advice of counsel" as described above.

3. Any and all notes, memoranda, emails, or other Documents created by You or at Your direction evidencing, showing or reflecting Your mental impressions upon which Taylor bases your legal counsel as described above.

4. All Documents evidencing, showing or reflecting all written communication between you and Taylor in which you communicate the legal advice that Taylor relies upon in its claimed "advice of counsel" described above.

5. Any and all notes, memoranda, emails, or other Documents by or between You and any other attorneys or employees at Akerman, LLP with regard to the Claim of Lien and "advice of counsel."

6. Any documents or correspondence between You and any other party pertaining to the Claim of Lien and "advice of counsel."