**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| TAYLOR INDUSTRIAL CONSTRUCTION, INC., a Florida corporation,<br><br>　　　　Plaintiff,<br>v.<br><br>WESTFIELD INSURANCE COMPANY, an Ohio corporation,<br><br>　　　　Defendant.<br>_____<br><br>SLONE ASSOCIATES, INC., a Georgia Corporation,<br><br>　　Counter-Plaintiff,<br><br>v.<br><br>TAYLOR INDUSTRIAL CONSTRUCTION, INC., a Florida corporation,<br><br>　　Counter-Defendant.<br>_____ | Case No.: 8:16-cv-2960-SCB |

**WESTFIELD INSURANCE COMPANY'S, MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND ALTERNATIVE MOTION TO PRECLUDE PLAINTIFF FROM ASSERTING "RELIANCE OF COUNSEL" DEFENSE WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, Westfield Insurance Company ("Westfield) by and through its attorneys, hereby files its Memorandum in Opposition to Plaintiff's Motion for Protective Order (Dkt. 112) and Alternative Motion to Preclude Plaintiff from Asserting "Reliance of Counsel," and in support thereof states:

Case No.: 8:16-cv-2960-SCB

1. On October 11, 2018, Westfield filed its Motion for Summary Judgment (Dkt. 86) based upon Taylor's recording of a fraudulent Claim of Lien pursuant to Florida Statute section 713.31. The deposition transcript of Plaintiff's President, Greg Taylor, was filed contemporaneously as an exhibit to Westfield's Motion for Summary Judgment.

2. During his deposition, Taylor's President, Mr. Greg Taylor, testified that he did not read the Claim of Lien, did not confirm any of the dates, amounts or other pertinent details listed in the Claim of Lien and swore under oath that he simply signed it and had it recorded.

3. Thus, Westfield's Motion is based in part upon Taylor's gross negligence in compiling its Claim of Lien (failing to read or confirm its contents prior to execution and recording), and further based upon Taylor's inclusion of amounts for the repair of its own defective work (double-billing), as well as including sums not associated with actual work on the project, and otherwise simply exaggerating its time.

4. On October 25, 2018, Plaintiff filed its Memorandum of Law in Opposition to Westfield's Motion for Summary Judgment (Dkt. 86), which included the Declaration of Greg Taylor ("Taylor Declaration").

5. In the Taylor Declaration, in contradiction to his deposition testimony, Taylor asserted a complete "about face" from his prior testimony by claiming he did "review the lien as best [he] could before [he] signed it," and further asserted, for the first time, that he relied exclusively on his counsel in preparing the Claim of Lien.

6. Essentially, Taylor attempts to shield itself from the loss of its Claim of Lien, where it is fraudulent pursuant to Florida Statute section 713.31, by hiding behind an "advice of counsel" defense. Importantly, Taylor did not assert such a claim until his Declaration was filed.

7.  To that end, Westfield propounded Requests for Production to Taylor specifically asking for:

> 29. All documentation provided by Taylor to Taylor's attorney that prepared the subject claim of lien recorded by Taylor against the Property that was issued to assist the attorney in any manner in their preparation of the lien.
>
> 30. All communication by and between Taylor and Taylor**'s** attorney that prepared the subject claim of lien recorded by Taylor against the Property pertaining to the claim of lien or any information contained therein.

(See Slone's RFP to Taylor Dated 11/8/18, a copy of which is attached as **Exhibit 1**.)

8.  Taylor did not respond to Westfield's Request for Production until December 10, 2017, and further did not produce any documents until December 17, 2018, which consisted of one (1) email between Taylor and its counsel who allegedly prepared the Claim of Lien, with the bulk of that email redacted. A true and correct copy is attached as **Exhibit 2**.

9.  Accordingly, Westfield had no other choice but to seek discovery directly from Taylor's former counsel as to Taylor's claimed "advice of counsel" defense.

10. Taylor complains that Westfield should not be able to proceed with the deposition of Taylor's former counsel because "[s]eeking to take additional discovery now is inherently prejudicial to Taylor, particularly after the dispositive motion deadline and will likely result in case management complications." (Taylor's Mot. at Pg. 5, ¶3.)

11. However, it is Taylor itself who has created the issue necessitating the deposition of its former counsel who prepared the Claim of Lien—on the one hand claiming at the eleventh hour that it relied upon that counsel's advice –but on the other hand attempting to keep Defendants from discovering what counsel was actually given.

12. Notably, Taylor had not formerly asserted such a claim and certainly not previously presented it as an affirmative defense.

13. In such a situation, precluding discovery of such claimed "advice of counsel" would go entirely against fundamental fairness as well as stand contrary to established law. Florida's Third District has made clear that a party may not selectively disclose self-serving attorney-client communications and simultaneously attempt to shield communications regarding the same matter. *See Hoyas v. State*, 456 So.2d 1225, 1228-29 (Fla. 3rd DCA 1984)("[c]onsequently, a party may not insist upon the protection of the privilege for damaging communications while disclosing other selected communications because they are self-serving."); *see also, Fla. Stat.* § 90.507 ("Waiver of privilege by voluntary disclosure: a person who has a privilege against the disclosure of a confidential matter or communication waives the privilege if he . . . voluntarily discloses . . .or consents to disclosure of any significant part of the matter or communication.").

14. In the context of Taylor's claimed "advice of counsel" defense regarding a Claim of Lien, the determination of what disclosure was made to Taylor's counsel is the ultimate determination of whether such a defense is entitled to any consideration.

15. In such a situation, Florida's Second District has held that "a lienor can rely on consultation with counsel prior to filing the claim of lien as evidence of good faith only in the event of a full and complete disclosure of the pertinent facts to the attorney from whom the advice is sought before the lienor acts on the advice." *Sharrad v. Ligon,* 892 So.2d 1092 (Fla. 2d DCA 2004) (holding that contractor's consultation with an attorney prior to recording a fraudulent claim of lien provided no shield to a fraudulent lien finding as the attorney has to rely on the contractor's factual accuracy in disclosing pertinent facts to counsel and simply giving incorrect facts to counsel provides no defense).

16. To that end, Westfield is entitled to depose Taylor's counsel that prepared the Claim of Lien at issue.

17.     Alternatively, in the event the Court is not inclined to allow the deposition of Taylor's former counsel, then in fairness, Taylor should be precluded from asserting the "advice of counsel" defense.

18.     Therefore, to the extent the Court grants Taylor's Motion for Protective Order, Westfield submits it should preclude Taylor from relying on a "reliance of counsel" defense in this case.

WHEREFORE, Defendant, Westfield Insurance Company, hereby moves the Court to deny Taylor Industrial Corporation's Motion for Protective Order or Alternatively, to Preclude Plaintiff from Asserting "Reliance of Counsel" as a Defense in this case, and for such other relief as the Court deems proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2019, a true and correct copy of the foregoing has been served via CM/ECF transmission to Michael A. Sasso, Sasso & Sasso, 1031 W. Morse Blvd. #260 Winter Park, FL 32789 (masasso@sasso-law.com, msasso@sasso-law.com, kdevore@sasso-law.com, notice@sasso-law.com).

    /s/Brian R. Lambert
Trenton H. Cotney
Florida Bar No. 176214
John C. Brock
Florida Bar No. 017516
Brian R. Lambert
Florida Bar No. 613401
**COTNEY CONSTRUCTION LAW, LLP**
3110 Cherry Palm Dr., Suite 290
Tampa, Florida 33619
Tel:  813-579-3278
Fax:  813-902-7612
tcotney@cotneycl.com
blambert@cotneycl.com
courtfilings@cotneycl.com

Case No.: 8:16-cv-2960-SCB

*Counsel for Slone Associates, Inc. and Westfield Insurance Company*