EXHIBIT "1"

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| TAYLOR INDUSTRIAL CONSTRUCTION, INC., a Florida Corporation <br><br> Plaintiff <br><br> v. <br><br> WESTFIELD INSURANCE COMPANY, an Ohio Corporation <br><br> Defendant <br> _____ <br><br> SLONE ASSOCIATES INC., a Georgia Corporation <br><br> Counter-Plaintiff <br><br> v. <br><br> TAYLOR INDUSTRIAL CONSTRUCTION, INC., a Florida Corporation <br><br> Counter-Defendant <br> _____ <br><br> SLONE ASSOCIATES INC., a Georgia Corporation <br><br> Third-Party Plaintiff <br> v. <br><br> DANIELS WELDING SERVICES, INC., A Georgia Corporation <br><br> Third-Party Defendant <br> _____/ | Case No. 8:16-cv-02960-SCB-MAP |

**SLONE ASSOCIATES INC.'S SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS TO TAYLOR INDUSTRIAL CONSTRUCTION.**

Slone Associates, Inc. ("Slone"), by and through their undersigned attorneys, hereby requests that Taylor Industrial Construction ("Taylor") respond to the following second request for production within 30 days or any other time as ordered by the Court.

## DEFINITIONS

A.  As used herein, "**you**" or "**Taylor**" refers to Taylor Industrial Construction, Inc. including its agents, servants, officers, directors, employees, consultants, experts, insurers, assigns, predecessors, and successors, all other persons or entities acting on its behalf, and all other persons over whom it has control or authority or who have been hired, retained, or employed by it for any purpose related to this action.

B.  "**Slone**" refers to Slone Associates, Inc., including its agents, servants, officers, directors, employees, consultants, experts, insurers, assigns, predecessors, and successors, all other persons or entities acting on its behalf, and all other persons over whom Slone has control or authority or who have been hired, retained, or employed by Slone for any purpose related to this action.

C.  "**Person**" includes natural persons, corporations and all other forms of organization or association as well as any government or governmental body, commission, board, agency, partnership joint venture, trust or other form of entity, and any office, director, partner, employee, agent, personal representative or other person acting or purporting to act on his or its behalf.

D.  "**And**" or "**or**" shall include the conjunctive as well as the disjunctive so as to make the request inclusive rather than exclusive.

E.  The word "**any**" includes "**all**" and vice versa.

F.  "**Date**" refers to the day, month and year.

G. "**Communications**" shall refer to and shall include, without limitation and in the singular as well as in the plural, all conversations, telephone conversations, statements, discussions, negotiations, debates, arguments, discourses, colloquies, interviews, consultations, and every other kind of written, electronic, or oral utterance.

H. "**Document**" shall mean any written, printed, typed or photographed material, or other demonstrative material, however produced or reproduced, of any kind or description, whether or not sent or received, including originals, copies and drafts and both sides thereof in your possession, custody or control, or of which you have knowledge. The term, includes, but is not limited to: "**correspondence**;" accounts; affidavits; agendas; agreements; analysis; announcements; appointment books; books; brochures; bulletins; cables; charts; checks; check stubs; commercial paper; compilations; computer print-outs; computer programs; confirmations; contracts; data processing papers; data sheets; desk calendars; diagrams; diaries; drafts; evaluations; financial statements; films; graphs; graphic representations of any kind; indexes; instructions; invoices; journals; ledgers; letters; lists; manuals; memoranda; messages; microfilms; microfiche; minutes; motion pictures or other films; notes; notices; notations; outputs; offers; opinions; orders; pamphlets; periodicals; photographs; plans; printings; prospectuses; publications; recording disks or other records of oral communications; reports; records of telephonic or other meetings; receipts; returns; schedules; sketches; sound recordings; specifications; statements; studies; summaries; surveys; tables; tabulations; tape records; telegrams; telex messages; transcripts; videotapes; wires; or working papers.

I. "**Correspondence**" includes all letters, electronic mail, memoranda, facsimiles, telegrams, text message, voice message, instant message or other electronic message, and any note

or other document setting forth the fact of and/or content of a written, electronic, or oral communication.

J.	The "**Project**" or the "**Property**" refers to the construction work for which Daniels was hired by Slone at the address of 5100 Kettering Road, Brooksville, FL 34602.

## INSTRUCTIONS

A.	**Scope of Request**.

1)	This Request for Production of Documents extends to any person or entity that controls, is controlled by, you, including your agents, representatives, employees, accountants, attorneys, investigators, and anyone acting in cooperation or in concert with you.

2)	This Request for Production of Documents is continuing in nature so as to require you to immediately provide such additional information as you, your counsel, or anyone acting on your behalf or in concert with you may have or may obtain between the time the documents responsive to this Request for Production of Documents are produced and the time of trial in this action.

B.	**Scope of Answers**.  In responding to this Request for Production of Documents, you should identify and/or furnish any documents (including emails and attachments to emails) that are in your custody, control, or possession.  This means that you are to produce all responsive documents that are in the possession or purview of any of your agents, representatives, officers, members, owners, shareholders, principals, affiliates, employees, attorneys, investigators, and/or persons acting on your behalf or in concert with you.

C.	**Manner of Production**.

       1)     Documents produced in response to this Request for Production of Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories of this Request.

       2)     Each original document is to be produced.  However, any copy of the original document that varies in any way so that it is not identical to the one produced is to be considered as a separate document and must be produced.

       3)     For each document produced, state the number of the Request and the response to which it is produced and the number of the Request pursuant to which it was identified.

    D.     **No Responsive Documents**.  If your response to any document request is that no responsive documents exist, you must provide a written response clearly stating as much.

    E.     **Disposal of Responsive Documents**.  If you are unable to produce any responsive document, you must affirmatively state so in your response.  If any document requested has been destroyed, discarded, or otherwise disposed of, you must identify every such document and state the date of disposal, manner of disposal, reason for disposal, person(s) authorizing disposal, person(s) disposing of every such document, and the person maintaining possession, custody, or control of such document during its existence.

    F.     **Objections**.  If you object to any of these discovery requests, in whole or in part, you must state with particularity your objection and the factual and legal reason(s) supporting it.  If you withhold any responsive document on the basis of any objection, including privilege, you must adequately identify and describe each document withheld so as to enable Plaintiff and the Court to evaluate the validity of the grounds upon which the document is being withheld.

      G.      **Privilege**.  If any documents covered by this Request are withheld under a claim of privilege (whether qualified or absolute), please: (a) make the claim expressly, (b) state in detail the nature of the privilege claimed; (c) identify the person or persons associated with the privileged document or communication; and (d) describe the nature of the document, communication or thing not produced or disclosed in a manner that, without revealing information itself privileged, will enable us to assess the applicability of the privilege.

      H.      As used herein, the singular of any word or phrase includes the plural and the plural includes the singular; the masculine of any word or phrase includes the feminine and the feminine includes the masculine.

      I.      The use of a verb in any tense includes its use in all other tenses whenever necessary to bring within the scope of the request any response which might otherwise be construed outside its scope.

## DOCUMENTS REQUESTED

      1.      All documents responsive to Slone's First Request For Production that have not already been provided.

      2.      All communications between You and any person, including, but not limited to, any and all construction contractors, experts, design professionals, or welding inspectors/consultants, pertaining to the Project and/or the Property.

      3.      All documents, including all reports and drafts of the same, that reflect, support or evidence the opinion or analysis of any expert witnesses You expect to call in this Action.

      4.      Curriculum Vitae for each expert listed on your witness list(s).

5. Reports, correspondence, invoices, bills, statements, documents and materials relative to this lawsuit received by Taylor or Taylor's counsel from each expert listed on your witness list.

6. Reports, correspondence, documents and materials relative to this lawsuit sent or transmitted to each expert listed on your witness list(s), by Taylor's counsel, Taylor, or any other person on Taylor's behalf.

7. A complete copy of the file(s) maintained by each expert listed on your witness list(s), relative to the subject lawsuit, including all documents and materials created by each expert, received by or transmitted to each expert, and upon which each expert relies for his or her respective opinions.

8. All photographs and videotapes viewed and/or taken by or for each expert in connection with this case.

9. Copies of all witness statements, written or recorded, which each expert has examined in connection with this case.

10. Any drawings, graphs, charts, illustrations or plans prepared by each expert in connection with this matter.

11. Copies of any and all notes or calculations prepared by each expert in formulating his or her opinions in connection with this ease.

12. Office records indicating time spent on each expert's undertaking and hourly charges therefore in connection with this case.

13. Reports of other experts which each expert has read in formulating any opinions in connection with this case.

14. Any publications, treatises, manuals, textbooks or other documents used as a reference by each expert in connection with this case or considered authoritative by each expert in support of his or her opinions.

15. Copies of any correspondence written by each expert or received from others with whom each expert has consulted in connection with this case.

16. Any memoranda reviewed which was prepared by Taylor's attorneys engaging each expert, investigator, paralegal or adjuster in connection with this case.

17. Any other document in writing, film, photograph, object or information of any kind or description which each expert has viewed in formulating, or which each expert contends supports, his or her opinion(s) in connection with this case.

18. All documents each expert viewed, referred to or relied upon in arriving at any of his or her opinions or conclusions concerning the issues involved in this case, including but not limited to all scientific and technical articles, publications, codes, standards and other literature.

19. All models, illustrations, photographs or other exhibits or documents of any kind which each expert intends or contemplates using to explain, illustrate or support his or her testimony at trial.

20. All documentation Taylor intends to utilize at trial in this matter.

21. All documentation pertaining to any employee(s) of Taylor that were terminated during the course of Taylor's work on the Project.

22. Any documentation pertaining to defects, deficiencies, or workmanship issues with the work of any employee(s) of Taylor during the course of the Project.

23. Any notice of termination or documentation specifically pertaining to termination of any employee during the course of Taylor's work on the Project.

24. All documentation constituting instructions, training or directions for work on the Project given to Taylor by Daniels Welding.

25. All payroll documentation for each and every Taylor employee that performed work on the Project.

26. All documentation showing the hours of work performed by each and every Taylor employee during the months of June and July 2016, on the Project.

27. All documentation showing the hours billed and incorporated into Taylor's Claim of Lien to the extent such documentation differs from Number 26.

28. Legible copies of all invoices produced previously by Taylor to Slone.

29. All documentation provided by Taylor to Taylor's attorney that prepared the subject claim of lien recorded by Taylor against the Property that was issued to assist the attorney in any manner in their preparation of the lien.

30. All communication by and between Taylor and Taylor**'s** attorney that prepared the subject claim of lien recorded by Taylor against the Property pertaining to the claim of lien or any information contained therein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via electronic mail to Michael C. Sasso, Sasso & Sasso, P.A., 1031 West Morse Blvd., Suite 120, Winter Park, Florida 32789 on November 8, 2018.

/s/ Daniel R. Auerbach
Trenton H. Cotney
Florida Bar No. 176214
Daniel R. Auerbach
Florida Bar No. 106269
Brian R. Lambert
Florida Bar No. 613401
John C. Brock

        Florida Bar No. 17516
        **COTNEY CONSTRUCTION LAW LLP**
        3110 Cherry Palm Drive, Ste. 290
        Tampa, Florida 33619
        Tel:  813.579.3278 Fax: 813.902.7612
        tcotney@trentcotney.com
        dauerbach@trentcotney.com
        blambert@trentcotney.com
        jbrock@cotneycl.com